IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

CLIFFORD D. GRIFFIN,           §
(TDCJ No. 0618620)             §
                               §
V.                             §  CIVIL ACTION NO.4:15-CV-154-Y
                               §
                               §
TEXAS COURT OF                 §
CRIMINAL APPEALS, *et al.*,    §

OPINION and ORDER OF DISMISSAL UNDER 28 U.S.C. § 1915A(B)(1)
and UNDER 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii)

This case is before the Court for review, under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B), of pro-se inmate and plaintiff/petitioner Clifford D. Griffin's petition for writ of mandamus. Petitioner Griffin was permitted to proceed in forma pauperis with the filing fee to be collected from his inmate account under the terms of the Prison Litigation Reform Act ("PLRA").

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915. *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed. *See* 28 U.S.C.A. § 1915(e)(2) (West 2006); *see Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B) (West 2006). Furthermore, as a

part of the Prison Litigation Reform Act (PLRA), Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing. *See* 28 U.S.C.A. § 1915A(a)(West 2006). Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry. *See Schultea v. Wood,* 47 F. 3d 1427, 1434 (5th Cir. 1995). Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory." *Id.* (citing *Neitzke*, 490 U.S. at 327.) After review of the petition for writ of mandamus filed in this case, the Court concludes that this action must be dismissed.

By this action, Clifford Griffin seeks a writ of mandamus from this Court directing the county clerk of Tarrant County, Texas, to take specific action regarding the transmission of records of Griffin's state application for writ of habeas corpus to the Texas Court of Criminal Appeals; and he seeks a directive from this Court to Judge Elizabeth Beach as to conducting an evidentiary hearing, issuing findings of fact and conclusion of law, and as to the substantive ruling on his state writ application challenging the revocation of his parole.[1] (Petition (doc. 1) at 2-4.)  Griffin does

---

[1]The Court notes that Clifford Griffin also challenged the revocation of parole in this the Northern District of Texas through a petition for writ of habeas corpus under 28 U.S.C. § 2254. *See Griffin v. Davis*, No. 4:15-CV-514-O (N.D. Tex. May 26, 2016). That case was dismissed with prejudice by order and

not provide any authority for his request, and although the All Writs Act, 28 U.S.C. § 1651, provides that a court "may issue all writs necessary or appropriate in aid of [its] respective jurisdiction," the act does not, by itself, provide an independent basis for jurisdiction. Instead, it may be invoked only in aid of jurisdiction already possessed by the Court on some other ground. *See Brittingham v. U.S.C.I.R.,* 451 F.2d 315, 317 (5th Cir. 1971). But federal courts lack "the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." *Moye v. Clerk, Dekalb County Sup.Ct.*, 474 F.2d 1275, 1276 (5th Cir.1973). In this case, Petitioner seeks only mandamus relief. He alleges the state-court judge failed to properly rule on his writ application, and the district clerk failed to properly transmit the relevant records to the Texas Court of Criminal Appeals. He seeks an order compelling the state court officials to act. This Court is without power to enter such an order. Although not referenced by Griffin, 28 U.S.C. § 1361 affords this Court jurisdiction "in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C.A. § 1361 (West 2006). As this section only

---

judgment entered on May 26, 2016. Griffin's direct appeal from that judgment was dismissed for want of prosecution by the United States Court of Appeals for the Fifth Circuit. *Griffin v. Davis*, No. 16-10849 (5th Cir. Aug. 18, 2016). This Court takes judicial notice of the records of the Court in this related case filed by Griffin. *See* Fed. R. Evid. 201(b)(2) and (c)(1).

authorizes the Court to compel federal officials or agencies to act, it grants no jurisdiction to this Court to dictate action by a state judicial officer or clerk.

Therefore, the petition for mandamus relief lacks an arguable basis in law and should be dismissed with prejudice as frivolous pursuant to 1915A(b)(1). *See Santee v. Quinlan*, 115 F.3d 355, 357 (5th Cir.1997)(affirming dismissal of petition for writ of mandamus as frivolous because federal courts lack the power to mandamus state courts in the performance of their duties).

Clifford D. Griffin's petition for writ of mandamus is DISMISSED WITH PREJUDICE under authority of 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i) and (ii).

SIGNED November 2, 2016.

_Terry R. Means_
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE